Jake Mills v. The State.

No. 4014.   Decided March 29, 1916.

**Rape—Age of Prosecutrix—Charge of Court—Converse of Proposition.**

Where, upon trial of rape upon a female under the age of consent, a sharp issue was raised as to the age of the prosecutrix, and the court required the jury in his charge to believe beyond a reasonable doubt that the female was under age before they could find defendant guilty, and did not affirmatively submit the converse of the proposition, the same was reversible error.

Appeal from the District Court of Kerr. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of rape. The indictment was in two counts: one, that the act was committed by force, etc.; the other, that the girl was under fifteen years of age. The court submitted both counts for a finding. The jury convicted him under the count charging that the girl was under fifteen years of age.

We will not discuss the testimony, except to say that it was in direct conflict, the girl testifying to the act, and the appellant as positively denying it. In addition, the appellant introduced much testimony in direct contradiction of the girl as to her testimony in other respects.

Several questions are raised, but we deem it unnecessary to pass upon but one. Some, or all of the others, doubtless, will not arise on another trial.

The court in submitting the case to the jury for a finding on the count on which appellant was convicted affirmatively required the jury to believe beyond a reasonable doubt the necessary facts from the evidence in order to find him guilty, and that the girl was under fifteen years of age at the time. The appellant contested the age of the girl, and there was testimony tending to show that she was more than fifteen years of age at the time of the act, if there was an act, of sexual intercourse. The appellant objected to this part of the court's charge, in effect, among other things, because it did not affirmatively submit in his behalf the converse of the court's charge; that is, it did not tell the jury that if they believed she was more than fifteen years of age at the time, or if they had a reasonable doubt of it, to acquit him. Under the circumstances of this case, we believe that the court should have so charged in appellant's favor, and that his failure to do so presents reversible error, and for this error the judgment is reversed, and the cause remanded.

*Reversed and remanded.*